**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JESSICA MARKS** | **CIVIL ACTION** |
| **VERSUS** | |
| **LOUISIANA ASSOCIATION OF EDUCATORS** | **NO. 08-573-D-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, March 31, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JESSICA MARKS**                                                                              **CIVIL ACTION**

**VERSUS**

**LOUISIANA ASSOCIATION OF EDUCATORS**                          **NO. 08-573-D-M2**

## MAGISTRATE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Remand (R. Doc. 7) filed by plaintiff, Jessica Marks ("Marks").

## FACTS & PROCEDURAL BACKGROUND

Marks filed this suit against her former employer, LAE, in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, on June 3, 2008. In her petition, she alleges that her supervisor while she was employed at LAE, David Bruce Hunt ("Hunt"),[1] discriminated against her because she was female. Specifically, she contends that he treated her differently than the male managers in all facets of her employment, including job assignments, application of company rules, sick leave policy, vacation leave policy, expense reimbursement, criticism, reprimands, etc. She also alleges that she was sexually harassed by Hunt through the use of inappropriate language, gestures, and innuendo. She further contends that she was "wrongfully and without cause terminated" from her employment with LAE on March 15, 2008, and that Hunt intentionally inflicted emotional distress upon her.

In her original petition filed in state court on June 3, 2008, Marks did not allege

---

[1] Hunt is the Executive Director of LAE.

1

whether state and/or federal law was applicable to her claims. She subsequently filed a first supplemental and amending petition for damages in state court on August 18, 2008. In that first supplemental petition, she alleges that the actions of LAE, through Hunt, violate the Louisiana Anti-Discrimination Statute and 42 U.S.C. §2000e, *et seq.* (Title VII of the Civil Rights Act of 1964, as amended). She further alleges that she timely filed a claim with the E.E.O.C., which claim was dismissed on July 7, 2008, allowing plaintiff the right to assert Title VII claims in her suit.

In response to Marks' first supplemental petition, LAE removed her suit to this Court, alleging that federal subject matter jurisdiction exists in this matter pursuant to 28 U.S.C. §1331 because it is a "civil action arising under the Constitution, laws, or treaties of the United States." LAE further asserts in its Notice of Removal that supplemental jurisdiction exists over Marks' state discrimination claims pursuant to 28 U.S.C. §1367.

On March 11, 2009, Marks filed a second supplemental and amending complaint ("second amended complaint") in this Court, through which she deletes her claims arising under 42 U.S.C. §2000e. On that same date, she filed the present motion, seeking to have this matter remanded to state court on the basis that she dismissed her federal employment discrimination claims through her second amended complaint, and federal question jurisdiction can therefore no longer serve as the basis for this Court's jurisdiction.

On March 25, 2009, prior to the deadline for its opposition to Marks' motion to remand, LAE filed a motion to strike Marks' second amended complaint. The undersigned granted LAE's motion to strike because plaintiff failed to obtain leave of court or the written consent of LAE prior to filing such complaint as is required by Fed. R. Civ. P. 15(a) since LAE had already filed an answer in this matter on September 16, 2008. Considering that

the basis for Marks' motion to remand, *i.e.*, her second amended complaint, has been struck from the record in this matter, her motion to remand should be denied.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 7) filed by plaintiff, Jessica Marks, be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, March 31, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**